**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------X
STEPHEN CALFO and JANEZ DEMSAR,      Civil Action No.
individually And On Behalf Of      15 Civ. 4010 (LGS)
All Others Similarly Situated

       Plaintiffs,            Defendant Robert
                                Cassera's Answer
    v.                            To The Amended Complaint

John P. Messina, Michael J.Golde,
And Robert Cassera,

       Defendants.
---------------------------------X

<u>DEFENDANT ROBERT CASSERA'S ANSWER TO</u>
<u>THE AMENDED COMPLAINT</u>

     The named defendant, Robert Cassera, submits the following as his Answer to the Plaintiffs' Amended Complaint:

     The introductory paragraph of the Amended Class Action Complaint ("CAC") alleges that Defendant Robert Cassera ("Cassera"), among others, committed securities fraud.  To the degree that this paragraph contains that allegation, defendant Cassera denies that he ever acted in violation of the securities laws.  As to the other claims in the introduction regarding Plaintiffs' sources of information and purported investigation, the he lacks knowledge or information sufficient to form a belief about the truth of those statements.

   1. Cassera admits that the Plaintiffs purport to be representing a class and that they are seeking to file a

   class action on behalf of a class of Corporate Resource
   ("CRS") shareholders.

2. Cassera admits the description of CRS in paragraph 2.

3. Cassera admits the statements in paragraph 3 and paragraph
   4.

4. Cassera admits the statements in paragraph 5.

5. Cassera denies that CRS and the TSE entities were alter
   egos as described in paragraph 6.  Cassera denies that he
   had sole control over both as described in paragraph 6 and
   denies that tens of millions of dollars were transferred
   between the entities illegally.  Cassera denies that CRS
   stock was used as a currency.

6. As to paragraph 7, Cassera admits that CRS and Wells Fargo
   Capital Finance had a banking relationship and that Cassera
   personally guaranteed the financing by Wells Fargo Capital.
   Cassera denies all other statements in paragraph 7.

7. Cassera admits that on or about February 2015 CRS disclosed
   that TSE had an unpaid federal tax liability.  Cassera
   denies all other statements in paragraph 8.

8. Cassera denies the allegations in paragraph 9.

9. Cassera denies the allegations, descriptions and
   conclusions in paragraph 10.

10.    Cassera admits that paragraph 11 describes the impact of
   the tax withholding liability on CRS financing agreements

with Wells Fargo. Cassera denies all other statements of paragraph 11.

11.   Cassera admits CRS declared bankruptcy on July 23, 2015. Cassera denies all other statements of paragraph 12.

12.   Cassera denies the allegations in paragraph 13.

13.   Cassera denies the allegations in paragraph 14 and paragraph 15.

14.   Cassera admits that the SEC filed a motion to join the Chapter 11 Trustee motion for an "Order Transferring Venue of Chapter 11 Case of Corporate Resource Services, Inc. and Its Affiliated Entities from the United States Bankruptcy Court for the District of Delaware to this District." Cassera denies all other allegations in paragraph 16.

15.   Cassera admits that CRS retained Crowe in late 2013 and denies all other statements in paragraph 17.

16.   Cassera denies all statements in paragraph 18.

17.   Cassera denies all statements in paragraph 19.

18.   Cassera denies all statements in paragraph 20, paragraph 21, paragraph 22 and paragraph 23.

19.   Cassera denies all statements in paragraph 24 and paragraph 25.

20.   Cassera admits the allegations in paragraph 26 and paragraph 27.

21.   Cassera admits the statements in paragraph 28, paragraph 29, paragraph 30, paragraph 31, paragraph 32, paragraph 33, paragraph 34, paragraph 35, paragraph 36, paragraph 37, paragraph 38, paragraph 39 and paragraph 40.

22.   Cassera admits the statements in paragraph 41, paragraph 42 and paragraph 43.

23.   Cassera denies the statements in paragraph 44.

24.   Cassera admits that, as stated in paragraph 45, Cassera and TSE entities owned "at least approximately 80% of CRS common stock."  Cassera denies all other statements within paragraph 45.

25.   Cassera denies the statements in paragraph 46.

26.   Cassera admits only that paragraph 47 purports to quote from the CRS 2013 Form 10-K (the "2013 10-K"), which speaks for itself; he denies any allegations or characterizations that are inconsistent with the entirety of the 2013 10-K.

27.   Cassera admits that paragraph 48 purports to quote from the CRS 2013 10-K, which speaks for itself and denies any allegations or characterizations that are inconsistent with the entirety of the 2013 10-K.

28.   Cassera admits that paragraph 49 purports to quote and summarize the CRS 2013 10-K, which speaks for itself and denies any allegations or characterizations that are inconsistent with the entirety of the 2013 10-K.

29.   Cassera admits that paragraph 50 purports to quote and summarize the CRS 2013 10-K, which speaks for itself and denies any allegations or characterizations that are inconsistent with the entirety of the 2013 10-K.

30.   Cassera admits that paragraph 51 purports to quote and summarize the CRS 2013 10-K, which speaks for itself and denies any allegations or characterizations that are inconsistent with the entirety of the 2013 10-K.

31.   Cassera admits the statements in paragraph 52 and paragraph 53.

32.   Cassera admits that paragraph 54 purports to quote and summarize a Form 8-K filed by CRS with the SEC on 12/9/14 ("12/9/14 Form 8-K'), which speaks for itself and denies any allegations or characterizations that are inconsistent with the entirety of the 12/9/14 Form 8-K.

33.   Cassera admits that TSE filed for bankruptcy on or about February 2, 2015 and denies all remaining statements and characterizations in paragraph 55.

34.   Cassera denies the allegations in paragraph 56.

35.   Cassera admits that paragraph 57 purports to quote and summarize the Form 8-K filed by CRS with SEC on 2/3/15 (the "2/3/15 Form 8-K) which, speaks for itself and denies any allegations or characterizations that are inconsistent with the entirety of the 2/3/15 Form 8-K.

36.   Cassera admits that the Audit Committee was tasked to
      investigate the tax withholding liability and that the
      Audit Committee retained a law firm to assist in that
      process. Cassera denies all other characterizations and
      other statements in paragraph 58.

37.   Cassera admits that paragraph 59 purports to quote and
      summarize from CRS's Form 8-K filed with the SEC on 2/6/15
      ("2/6/15 Form 8-K'), which speaks for itself and denies any
      allegations or characterizations that are inconsistent with
      the entirety of the 2/6/15 Form 8-K.

38.   Cassera denies the allegations in paragraph 60.

39.   Cassera admits that CRS gave Robert Riiska ("Riiska")
      the sole power to approve all payments and fund transfers
      and supervise the sale liquidation, or transition of the
      company's assets and customer contracts. Cassera admits
      that CRS agreed to deliver Wells Fargo a forecast of daily
      cash receipts.   Cassera denies all other statements and
      characterizations in paragraph 61.

40.   Cassera denies allegations in paragraph 62.

41.   Cassera admits the statements in paragraph 63, paragraph
      64, paragraph 65, paragraph 66 and paragraph 67.

42.   Cassera admits that paragraph 68 purports to quote and
      summarize the Form 12b-25 Notification of Late Filing filed
      by CRS with the SEC on April 1, 2015 ("4/1/15 Form 12b-

25"), which speaks for itself, and Cassera denies any allegations or characterizations that are inconsistent with the entirety of the 4/1/15 Form 12b-25.

43. Cassera admits that CRS petitioned for Chapter 11 bankruptcy on July 23, 2015. Cassera denies the remaining statements, allegations and characterizations in paragraph 69.

44. Cassera denies the allegations in paragraph 70 and paragraph 71.

45. Cassera admits that paragraph 72 purports to quote and summarize from Cassera's Declaration Pursuant to Local Rule 1007-2, filed with the Bankruptcy Court on February 2, 2015 (R. Cassera Declaration"), and from the Declaration of Robert Cassera in Support of Debtor's Motion for an Order Authorizing Payment filed with the Bankruptcy Court on February 2, 2015 ("R. Cassera Declaration in Support for Order"); both documents speak for themselves and Cassera denies any allegations or characterizations that are inconsistent with the entirety of the R. Cassera Declaration and R. Cassera Declaration in Support for Order. Cassera denies all other allegations, statements and characterizations contained within paragraph 72.

46. Cassera admits that on February 2, 2015 TSE filed its voluntary Chapter 11 petition. Cassera admits that

paragraph 73 purports to quote and summarize from R. Cassera Declaration, which speaks for itself, and Cassera denies any allegations or characterizations that are inconsistent with the entirety of the R. Cassera Declaration.

47.   Cassera admits that paragraph 74 purports to quote and summarize from R. Cassera Declaration, which speaks for itself and denies all allegations, statements and characterizations that are inconsistent with the entirety of the R. Cassera Declaration.

48.   Cassera admits that on February 20, 2015 the United States Trustee filed a Motion for the Appointment of a Chapter 11 trustee (the "2/20/15 Motion of the US Trustee").  Cassera admits paragraph 75 purports to quote and summarize the 2/20/15 Motion of the US Trustee, which speaks for itself; Cassera denies all allegations, statements and characterizations contained in paragraph 75.

49.   Cassera admits paragraph 76 purports to quote and summarize the United States Trustee's motion, which speaks for itself; Cassera denies all allegations, statements and characterizations contained in paragraph 76.

50.   Cassera admits paragraph 77 purports to quote and summarize the Trustee's motion, which speaks for itself;

and Cassera denies all allegations, statements and
characterizations contained in paragraph 77.

51.   Cassera admits the allegations in paragraph 78.

52.   Cassera denies the allegations in paragraph 79.

53.   Cassera admits that on March 26, 2015 the Chapter 11
Trustee filed a motion in the Bankruptcy Court for an Order
to Ensure Preservation of Documents ("3/26/15 Motion of
Chapter 11 Trustee"), and admits that paragraph 80 purports
to quote and summarize from that motion, which speaks for
itself.  Cassera denies the allegations, statements and
characterizations contained in paragraph 80.

54.   Cassera admits that paragraph 81 purports to quote and
summarize from the 3/26/15 Motion of Chapter 11 Trustee,
which speaks for itself.  Cassera denies all allegations,
statements and characterizations contained in paragraph 81.

55.   Cassera admits that paragraph 82 purports to quote and
summarize from the 3/26/15 Motion of Chapter 11 Trustee,
which speaks for itself.  Cassera denies the allegations
statements and characterizations in paragraph 82.

56.   Cassera admits that a hearing was held in the United
States Bankruptcy Court on March 30, 2015, and that
paragraph 83 purports to quote and summarize from a
transcript of that hearing, which speaks for itself.

Cassera denies all statements, allegations and characterizations in paragraph 83.

57.   Cassera admits that on April 6, 2015, a motion was filed on behalf of the IRS requesting authorization of subpoenas (the "4/6/15 IRS motion").  Cassera admits that paragraph 84 purports to quote and summarize the 4/16/15 IRS motion which speaks for itself.  Cassera denies all statements, allegations and characterizations contained in paragraph 84.

58.   Cassera admits that on April 16, 2015 the Chapter 11 Trustee filed an ex parte application requesting authorization of subpoenas (the "4/16/15 Application of Chapter 11 Trustee").  Cassera admits that paragraph 85 purports to quote and summarize the 4/16/15 Application of Chapter 11 Trustee, which speaks for itself.  Cassera denies all statements and allegations contained in paragraph 85.

59.   Cassera admits that paragraph 86 purports to quote and summarize the 4/16/15 Application of Chapter 11 Trustee, which speaks for itself.  Cassera denies all statements and allegations contained in paragraph 86.

60.   Cassera denies the allegations in paragraph 87.

61.   Cassera admits that CRS and affiliated entities filed a petition for protection from creditors under Chapter 11 of

the Bankruptcy Code in the United States Bankruptcy Court in Delaware. Cassera admits that the petition sought to operate the business as debtors in possession. Cassera admits that paragraph 88 purports to quote and summarize the Victor Declaration in support of the CRS bankruptcy (the "Victor Declaration"), which speaks for itself. Cassera denies any allegations or characterizations inconsistent with the entirety of the Victor Declaration.

62.   Cassera admits that paragraph 89 purports to quote and summarize the Victor Declaration in support of the CRS bankruptcy (the "Victor Declaration"), which speaks for itself.   Cassera denies any allegations or characterizations inconsistent with the entirety of the Victor Declaration and denies all other statements and allegations in paragraph 89.

63.   Cassera admits that paragraph 90 purports to quote and summarize the Victor Declaration in support of the CRS bankruptcy (the "Victor Declaration"), which speaks for itself.   Cassera denies any allegations or characterizations inconsistent with the entirety of the Victor Declaration and denies all other statements and allegations in paragraph 90.

64.   Cassera admits that paragraph 91 purports to quote and summarize the Victor Declaration in support of the CRS

bankruptcy (the "Victor Declaration"), which speaks for itself.  Cassera denies any allegations or characterizations inconsistent with the entirety of the Victor Declaration and denies all other statements in paragraph 91.

65.  Cassera  admits that the TSE Chapter 11 Trustee, Feltman, filed an application for a change of Venue of the CRS bankruptcy petition to the Southern District in New York (the "Feltman Application"), a document that speaks for itself, and Cassera denies all other statements and allegations in paragraph 92.

66.  Cassera admits that paragraph 93 purports to quote and summarize the Feltman Application, a document which speaks for itself, and Cassera denies all allegations and statements in paragraph 93.

67.  Cassera admits that paragraph 94 purports to quote and summarize the Feltman Application, a document which speaks for itself, and Cassera denies all allegations and statements in paragraph 94.

68.  Cassera denies the allegations in paragraph 95.

69.  Cassera lacks information sufficient to form a belief as to the truthfulness of the statements about what Feltman was investigating. Cassera denies all other statements and allegations in paragraph 96.

70.   Cassera admits that paragraph 97 purports to quote and summarize the Feltman Application, a document which speaks for itself, and Cassera denies all allegations and statements in paragraph 97.

71.   Cassera admits that paragraph 98 purports to quote and summarize the Feltman Application, a document which speaks for itself, and Cassera denies all allegations and statements in paragraph 98.

72.   Cassera admits that the SEC filed a Joinder Motion in Delaware joining the Feltman Application for a change of Venue of the CRS bankruptcy petition to the Southern District of New York. Cassera denies all other statements in paragraph 99.

73.   Cassera denies all statements and allegations in paragraph 100.

74.   Cassera denies all statements and allegations in paragraph 101.

75.   Cassera denies all statements and allegations in paragraph 102.

76.   Cassera lacks sufficient knowledge or information to hold a belief as to the truth of the statement that Former Employees (FEs) were interviewed and made the statements attributed to them in paragraph 103.  Cassera denies the

substantive statements and allegations made in paragraph 103 and attributed to the FEs.

77.  Cassera denies all statements and allegations in paragraphs 104 and 105.

78.  Cassera admits that J. Cassera held senior positions at both CRS and TSE entities and that he received paychecks from both companies.  Cassera denies all other statements in paragraph 106.

79.  Cassera admits that he owned TSE and that he owned 80% or more of CRS stock at different times.  Cassera admits that his sisters Yolanda Cassera- Trippiedi and Maria Ursino worked for TSE. Cassera denies all other statements and allegations in paragraph 107.

80.  Cassera denies all statements and allegations in paragraph 108.

81.  At this time Cassera lacks information or knowledge sufficient to hold a belief as to whether paragraph 109 is true and accurate.

82.  Cassera denies all statements and allegations in paragraph 110.

83.  Cassera admits that the TSE payroll department used a payroll software system to determine how much to withhold for federal taxes from paychecks.  Cassera admits that when the paychecks were printed and sent to employees, the

federal taxes were withheld.  Cassera denies all other statements and allegations in paragraph 111.

84.   Cassera denies all statements and allegations in paragraph 112.

85.   Cassera denies all statements and allegations in paragraph 113.

86.   Cassera denies all statements and allegations in paragraph 114.

87.   Cassera denies all statements and allegations in paragraph 115.

88.   Cassera denies all statements and allegations in paragraph 116.

89.   Cassera admits that TSE's payroll division prepared checks for CRS's placed employees and that placed employees were paid directly by TSE not by the companies that they were placed at.  TSE's payroll division was responsible for paying taxes for the placed employees.  Cassera denies all other statements in paragraph 117.

90.   Cassera denies all statements and allegations in paragraph 118.

91.   Cassera denies all statements and allegations in paragraph 119.

92.   Cassera denies all statements and allegations in paragraph 120.

93.   Cassera denies all statements and allegations in paragraph 121 and paragraph 122.

94.   Cassera denies all statements and allegations in paragraph 123.

95.   Cassera denies all statements and allegations in paragraph 124 and paragraph 125.

96.   Cassera denies all statements and allegations in paragraph 126 and paragraph 127.

97.   Cassera denies all statements and allegations in paragraph 128 and paragraph 129.

98.   Cassera denies all statements and allegations in paragraph 130.

99.   Cassera denies all statements and allegations in paragraph 131 and paragraph 132.

100. Cassera denies all statements and allegations in paragraph 133 and paragraph 134.

101. Cassera admits paragraph 135 and paragraph 136.

102. Cassera admits paragraph 137, paragraph 138, paragraph 139 and paragraph 140.

103.  Cassera denies all statements and allegations in paragraph 141.

104. Cassera denies all statements and allegations in paragraph 142, paragraph 143, paragraph 144 and paragraph 145.

105.  Cassera admits the statements paragraph 146.

106.  Cassera admits that paragraph 147 purports to quote and
summarize the CRS 2013 10-K which speaks for itself and
denies any allegations or characterizations that are
inconsistent with the entirety of the 2013 10-K.

107.  Cassera admits that paragraph 148 purports to quote and
summarize the CRS 2013 10-K which speaks for itself,  and
denies any allegations or characterizations that are
inconsistent with the entirety of the 2013 10-K.

108.   Cassera denies all statements and allegations in
paragraph 149.

109.  Cassera denies all statements and allegations in
paragraph 150 and paragraph 151.

110.  Cassera denies all statements and allegations in
paragraph 152 and paragraph 153.

111.  Cassera admits paragraph 154 purports to summarize a
Form 8-K filed with the SEC on January 3, 2014 (the "1/3/14
Form 8-K') which speaks for itself, and denies any
allegations or characterizations that are inconsistent with
the entirety of the 1/3/14 Form 8-K.

112.  Cassera admits that paragraph 155 purports to summarize
a Form 8-K filed with the SEC on September 29, 2014  (the
"9/29/14 Form 8-K') which speaks for itself, and denies any

allegations or characterizations that are inconsistent with
the entirety of the 9/29/14 Form 8-K.

113.  Cassera admits that paragraph 156 purports to summarize
a Form 8-K filed with the SEC on January 12, 2015  (the
"1/12/15 Form 8-K') which speaks for itself, and denies any
allegations or characterizations that are inconsistent with
the entirety of the 1/12/15 Form 8-K.

114.  Cassera admits that paragraph 157 purports to summarize
a Form 8-K filed with the SEC on February 6, 2015  (the
"2/6/15 Form 8-K') which speaks for itself, and denies any
allegations or characterizations that are inconsistent with
the entirety of the 2/6/15 Form 8-K.

115.  Cassera admits that paragraph 158, paragraph 159,
paragraph 160, paragraph 161 and paragraph 162 purport to
summarize a Form 8K filed with the SEC on February 10, 2015
(the 2/10/15 Form 8-K) which speaks for itself, and denies
any allegations or characterizations that are inconsistent
with the entirety of the 2/10/15 Form 8-K.

116.  Cassera admits that paragraph 163 purports to summarize
and quote a Form 8-K filed with the SEC on April 26, 2012
(the "4/26/12 Form 8K"), which speaks for itself, and
Cassera denies any allegations or characterizations that
are inconsistent with the entirety of the 4/26/12  Form 8-

    K.  Cassera denies all remaining statements and allegations in paragraph 163.

117. Cassera admits that paragraph 164 purports to summarize and quote a Form 10-Q filed with the SEC on May 14, 2012 (the "5/14/12 Form 10-Q") which speaks for itself, and Cassera denies any allegations or characterizations that are inconsistent with the entirety of the 5/14/12 Form 10-Q and Cassera denies all remaining statements and allegations in paragraph 164.

118. Cassera admits that paragraph 165 purports to summarize CRS Forms 10-Q filed with the SEC on 8/13/12, 5/20/13, 8/14/13, and 11/14/13 and CRS Form 10-K filed with the SEC on 12/21/12, which speak for themselves, and Cassera denies any allegations or characterizations that are inconsistent with the entirety of the Forms 8-K filed on 8/13/12, 5/20/13, 8/14/13, and 11/14/13 and Form 10-K filed on 12/21/12.  Cassera denies all remaining statements and allegations in paragraph 165.

119. Cassera denies all statements and allegations in paragraph 166.

120. Cassera denies all statements and allegations in paragraph 167, paragraph 168, paragraph 169, and paragraph 170.

121. Cassera admits that paragraph 171 purports to summarize and quote the Form 10-K for 2013 filed with the SEC by CRS on July 1, 2014 (the "2013 Form 10-K") which speaks for itself, and Cassera denies any allegations or characterizations that are inconsistent with the entirety of the 2013 Form 10-K, and Cassera denies all remaining statements and allegations in paragraph 171.

122. Cassera admits that paragraph 172 purports to summarize and quote the Form 10-K for 2013 filed with the SEC by CRS on July 1, 2014 (the "2013 Form 10-K"), which speaks for itself, and Cassera denies any allegations or characterizations that are inconsistent with the entirety of the 2013 Form 10-K and Cassera denies all remaining statements and allegations in paragraph 172.

123. Cassera denies all statements and allegations in paragraph 173.

124. Cassera admits that paragraph 174 purports to summarize and quote the 2013 Form 10-K, which speaks for itself, and Cassera denies any allegations or characterizations that are inconsistent with the entirety of the 2013 Form 10-K and  Cassera denies all remaining statements and allegations in paragraph 174.

125. Cassera denies all statements and allegations in paragraph 175.

126. Cassera admits paragraph 176 purports to summarize and
     quote the 2013 Form 10-K, which speaks for itself, and
     Cassera denies any allegations or characterizations that
     are inconsistent with the entirety of the 2013 Form 10-K
     and Cassera denies all remaining statements and allegations
     in paragraph 176.

127. Cassera denies all statements and allegations in
     paragraph 177.

128. Cassera admits that paragraph 178 purports to summarize
     and quote the Form 1Q2014 10-Q,  which speaks for itself,
     and Cassera denies any allegations or characterizations
     that are inconsistent with the entirety of the 1Q2014 10-Q.
     Cassera denies all remaining statements and allegations in
     paragraph 178.

129.  Cassera denies all statements and allegations in
     paragraph 179.

130. Cassera admits that paragraph 180 purports to summarize
     and quote 1Q2014 10-Q, which speaks for itself, and Cassera
     denies any allegations or characterizations that are
     inconsistent with the entirety of the 1Q2014 10-Q.
     Cassera denies all remaining statements and allegations in
     paragraph 180.

131. Cassera denies all statements and allegations in
     paragraph 181.

132.  Cassera admits that paragraph 182 purports to summarize and quote the 1Q2014 10-Q, which speaks for itself, and Cassera denies any allegations or characterizations that are inconsistent with the entirety of the 1Q2014 10-Q. Cassera denies all remaining statements and allegations in paragraph 182.

133.  Cassera denies all statements and allegations in paragraph 183.

134.  Cassera admits that paragraph 184 purports to summarize and quote the 1Q2014 10-Q, which speaks for itself, and Cassera denies any allegations or characterizations that are inconsistent with the entirety of the 1Q2014 10-Q. Cassera denies all remaining statements and allegations in paragraph 184.

135.  Cassera denies all statements and allegations in paragraph 185.

136.  Cassera admits that paragraph 186 purports to summarize and quote the Form 10-Q filed on September 25, 2014 with the SEC by CRS  for the quarterly period ended July 4, 2014 (the "2Q2014 10-Q"),  which speaks for itself, and Cassera denies any allegations or characterizations that are inconsistent with the entirety of the 2Q2014 10-Q. Cassera denies all remaining statements and allegations in paragraph 186.

137. Cassera denies all statements and allegations in paragraph 187.

138. Cassera admits that paragraph 188 purports to summarize and quote 2Q2014 10-Q, which speaks for itself, and Cassera denies any allegations or characterizations that are inconsistent with the entirety of the 2Q2014 10-Q. Cassera denies all remaining statements and allegations in paragraph 188.

139. Cassera denies all statements and allegations in paragraph 189.

140. Cassera admits that paragraph 190 purports to summarize and quote 2Q2014 10-Q, which speaks for itself, and Cassera denies any allegations or characterizations that are inconsistent with the entirety of the 2Q2014 10-Q. Cassera denies all remaining statements and allegations in paragraph 190.

141. Cassera denies all statements and allegations in paragraph 191.

142. Cassera admits that paragraph 192 purports to summarize and quote 2Q2014 10-Q, which speaks for itself, and Cassera denies any allegations or characterizations that are inconsistent with the entirety of the 2Q2014 10-Q. Cassera denies all remaining statements and allegations in paragraph 192.

143. Cassera denies all statements and allegations in paragraph 193.

144.  Cassera admits that paragraph 194 purports to summarize and quote the Form 8-K filed on November 14, 2014 (the "11/14/14 Form 8-K") with the SEC by CRS, which speaks for itself, and Cassera denies any allegations or characterizations that are inconsistent with the entirety of the 11/14/14 Form 8-K.  Cassera denies all remaining statements and allegations in paragraph 194.

145. Cassera denies all statements and allegations in paragraph 195.

146. Cassera admits that paragraph 196 purports to summarize and quote the Form 10-Q  filed on November 14, 2014 with the SEC by CRS (the "3Q2014 Q"),  which speaks for itself, and Cassera denies any allegations or characterizations that are inconsistent with the entirety of the 11/14/14 Form 10-Q.  Cassera denies all remaining statements and allegations in paragraph 196.

147. Cassera denies all statements and allegations in paragraph 197.

148. Cassera admits that paragraph 198 purports to summarize and quote the 3Q2014 10-Q, which speaks for itself, and Cassera denies any allegations or characterizations that are inconsistent with the entirety of the 3Q2014 10-Q.

Cassera denies all remaining statements and allegations in paragraph 198.

149.   Cassera denies all statements and allegation in paragraph 199.

150.   Cassera admits that paragraph 200 purports to summarize and quote the 3Q2014 10-Q which speaks for itself, and Cassera denies any allegations or characterizations that are inconsistent with the entirety of the 3Q2014 10-Q. Cassera denies all remaining statements and allegations in paragraph 200.

151.   Cassera denies all statements and allegations in paragraph 201.

152.   Cassera admits that paragraph 202 purports to summarize and quote the 3Q2014 10-Q which speaks for itself, and Cassera denies any allegations or characterizations that are inconsistent with the entirety of the 3Q2014 10-Q. Cassera denies all remaining statements and allegations in paragraph 202.

153.   Cassera denies all statements and allegations in paragraph 203.

154.   Cassera admits that paragraph 204 purports to summarize and quote the Schedule 14A proxy statement filed by CRS with the SEC on November 26, 2014 ("11/24/14 Proxy Statement"), which speaks for itself, and Cassera denies

any allegations or characterizations that are inconsistent
with the entirety of the 11/24/14 Proxy Statement.
Cassera denies all remaining statements and allegations in
paragraph 204.

155. Cassera denies all statements and allegations in
paragraph 205.

156. Cassera admits that paragraph 206 purports to summarize
and quote the 12/9/14 Form 8-K filed with the SEC by CRS,
which speaks for itself, and Cassera denies any allegations
or characterizations that are inconsistent with the
entirety of the 12/9/14 Form 8-K.  Cassera denies all
remaining statements and allegations in paragraph 206.

157. Cassera admits that paragraph 207 purports to summarize
and quote an Exhibit to the 12/9/14 Form 8-K filed by CRS
with the SEC, which speaks for itself, and Cassera denies
any allegations or characterizations that are inconsistent
with the entirety of the Exhibit to the 12/9/14 Form 8-K.
Cassera denies all remaining statements and allegations in
paragraph 207.

158. Cassera denies all statements and allegations in
paragraph 208.

159. Cassera admits that paragraph 209 purports to summarize
and quote a Form 8-K filed on December 24, 2014  (the
"12/24/14 Form 8-K") by CRS with the SEC, which speaks for

itself, and Cassera denies any allegations or characterizations that are inconsistent with the entirety of the 12/24/14 Form 8-K.   Cassera denies all remaining statements and allegations in paragraph 209.

160.  Cassera denies all statements and allegations in paragraph 210.

161.  Cassera admits that paragraph 211 purports to summarize and quote a Form 8-K filed on January 21, 2015 by CRS with the SEC ("1/21/15 Form 8-K"), which speaks for itself, and Cassera denies any allegations or characterizations that are inconsistent with the entirety of the 1/21/15 Form 8-K. Cassera denies all remaining statements and allegations in paragraph 211.

162.  Cassera denies all statements and allegations in paragraph 212.

163.  Cassera denies all statements and allegations in paragraph 213 and paragraph 214.

164.  Cassera admits paragraph 215 purports to summarize and quote a Form 8-K filed on February 3, 2015 by CRS with the SEC ("2/3/15 Form 8-K"), which speaks for itself, and Cassera denies any allegations or characterizations that are inconsistent with the entirety of the 2/3/15 Form 8-K. Cassera denies all remaining statements and allegations in paragraph 215.

165.  Cassera denies all statements in paragraph 216,

paragraph 217, paragraph 218, and paragraph 219

166.  Cassera admits paragraph 220.

167.  Cassera admits that paragraph 221 purports to summarize

and quote a Form 8-K filed on February 10, 2015 by CRS with

the SEC ("2/10/15 Form 8-K"), which speaks for itself, and

Cassera denies any allegations or characterizations that

are inconsistent with the entirety of the 2/10/15 Form 8-K.

Cassera denies all remaining statements and allegations in

paragraph 221.

168.  Cassera denies all statements and allegations in

paragraph 222.

169.  Cassera admits paragraph 223 purports to summarize and

quote a Form 8-K filed on February 24, 2015 by CRS with the

SEC ("2/24/15 Form 8-K"), which speaks for itself, and

Cassera denies any allegations or characterizations that

are inconsistent with the entirety of the 2/24/15 Form 8-K.

Cassera denies all remaining statements and allegations in

paragraph 223.

170.  Cassera denies all allegations and statements in

paragraph 224.

171.  Cassera admits that paragraph 225 purports to summarize

and quote a Form 8-K filed on March 3, 2015 by CRS with the

SEC ("3/3/15 Form 8-K"), which speaks for itself, and

Cassera denies any allegations or characterizations that are inconsistent with the entirety of the 3/3/15 Form 8-K. Cassera denies all remaining statements and allegations in paragraph 225.

172. Cassera denies all statements and allegations in paragraph 226.

173. Cassera admits that paragraph 227 purports to summarize and quote a Form 8-K filed on March 12, 2015 by CRS with the SEC ("3/12/15 Form 8-K"), which speaks for itself, and Cassera denies any allegations or characterizations that are inconsistent with the entirety of the 3/12/15 Form 8-K. Cassera denies all remaining statements and allegations in paragraph 227.

174. Cassera denies all statements and allegations in paragraph 228.

175. Cassera admits paragraph 229.

176. Cassera denies all statements and allegations in paragraph 230.

177. Cassera denies all statements and allegations in paragraph 231.

178. Cassera admits paragraph 232 purports to summarize and quote a Form 12b-25 filed on April 1, 2015 by CRS with the SEC ("4/1/2015 Form 12b-25"), which speaks for itself, and Cassera denies any allegations or characterizations that

are inconsistent with the entirety of the 4/1/2015 Form 12b-25.  Cassera denies all remaining statements and allegations in paragraph 232.

179. Cassera denies all statements and allegations in paragraph 233.

180. Cassera denies all statements and allegations in paragraph 234.

181. Cassera denies all statements and allegations in paragraph 235, paragraph 236, paragraph 237, paragraph 238, and paragraph 239.

182. Cassera admits paragraph 240.

183. Cassera denies all statements and allegations in paragraph 241.

184. Cassera admits that the Plaintiffs purport to bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3).   Cassera denies all other allegations contained in paragraph 242.

185. Cassera lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 243.  To the extent an answer is required, Cassera denies all allegations in paragraph 243.

186.  Cassera lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiffs claims are typical of the claims of the Class

members, and denies all other allegations  contained in
paragraph 244.

187. Cassera lacks knowledge or information sufficient to
form a belief as to the truth of the allegations in
paragraph 245.

188.  Cassera lacks knowledge or information sufficient to
form a belief as to the truth of the allegations in
paragraph 246.

189. Cassera lacks knowledge or information sufficient to
form a belief as to the truth of the allegations in
paragraph 247.

190. Cassera admits that CRS securities were traded in an
efficient market and the shares were liquid and traded. To
the extent that paragraph 248 characterizes the trading
volume of CRS shares Cassera denies that allegation and all
other allegations contained in paragraph 248.

191. Cassera denies the allegations in paragraph 249 and
paragraph 250.

192. Paragraph 251 of CAC is an introductory paragraph that
repeats and re-alleges each allegation contained within the
preceding paragraphs of the complaint.  To the extent that
the preceding allegations are repeated in this paragraph,
Cassera repeats and re-alleges each and every one of his
answers to those allegations.

193.  Cassera denies the statements and allegations in
paragraph 252, paragraph 253, paragraph 254, paragraph 255,
paragraph 256, paragraph 257, paragraph 258, paragraph 259,
paragraph 260 and paragraph 261.

194.  Paragraph 262 of the CAC repeats and realleges each and
every allegation contained in the preceding paragraphs.  To
the extent that the preceding allegations are repeated in
this paragraph, Cassera repeats and re-alleges each and
every one of his answers to those allegations.

195.  Cassera denies all statements and allegations in
paragraph 263.

196.  Cassera admits that officers and directors of a publicly
owned company have a duty to disseminate accurate and
truthful information with respect to the company's
financial condition and results of operations.  Cassera
denies all other allegations and statements in paragraph
264.

197.  Cassera admits that he was a senior officer of CRS.
Cassera denies all other statements and allegations
contained in paragraph 265, paragraph 266 and paragraph
267.

## **AFFIRMATIVE DEFENSES**

Defendant Cassera hereby sets forth its separate and
distinct affirmative defenses to Plaintiff's Amended Class

Action Complaint ("CAC").  By listing these matters as "affirmative defenses," Cassera does not assume the burden of proving any matter upon which the Plaintiff bears the burden of proof under the applicable law, nor does he in any way concede

Plaintiff has met its burden of establishing any of the requisite elements of a Section 10(b) or Section 20(a) claim.

**First Affirmative Defense**

The claims asserted in the CAC against Cassera are barred because CRS's filings, press releases and other communications did not contain any materially false or misleading untrue statements or omissions.

**Second Affirmative Defense**

The claims asserted in the CAC against Cassera are barred because throughout the putative class period, CRS used a reasonable process for disclosing issues related to TSE's tax liability, including accountants, bank officials, in-house counsel, outside counsel, and consultants.  Thus, no reasonable jury could conclude that Cassera acted with any scienter.

### Third Affirmative Defense

The claims asserted in the CAC against Cassera are barred because Cassera had reasonable grounds to believe and did believe that the SEC filings, press releases and other communications did not contain an untrue statement or omitted any material fact at the time those documents were issued or became effective.

### Fourth Affirmative Defense

Plaintiff has suffered no legally recoverable damages from the acts about which they complain.

### Fifth Affirmative Defense

Plaintiff's alleged damages are not recoverable from Cassera because all of the damages were not proximately caused by any alleged act or omission of Cassera and/or resulted from causes other than alleged act or omission of Cassera including but not limited to the intervening or superseding acts of third parties and/or market forces. Principal among the superseding acts by third parties are the actions of Wells Fargo throughout the

period set forth in the Amended Complaint; Wells Fargo violated
its covenant of good faith and fair dealing by taking full
control of CRS and its personnel and by selling off individual
portions of the CRS business and otherwise sacrificing the
ongoing business of the company for the sake of Wells Fargo
alone.

### Sixth Affirmative Defense

Plaintiff's alleged damages are not recoverable from Cassera
because Plaintiff assumed the risk of incurring those damages.

### Seventh Affirmative Defense

Any liability of Cassera must be reduced or eliminated under
the doctrines of comparative responsibility, contribution,
setoff and/or indemnity.

### Eighth Affirmative Defense

Plaintiff's damages are not recoverable from Cassera because
the Plaintiff failed to mitigate damages.

### Ninth Affirmative Defense

The claims asserted in the CAC against Cassera are barred by the safe harbor for forward-looking statements contained in the SEC filings, press releases, and other communications.

### Tenth Affirmative Defense

The claims asserted in the CAC against Cassera are barred because CRS's SEC filings, press releases and other communications bespoke caution.

### Eleventh Affirmative Defense

The claims asserted in the CAC against Cassera are barred because the alleged misstatements purportedly made by CRS are nonactionable expressions of puffery, corporate optimism, and/or opinion.

### Twelfth Affirmative Defense

The claims asserted in the CAC against Cassera are barred because CRS and Cassera acted at all times in good faith and with proper exercise of business judgment, and exercised at

36

least the degree of care, diligence and skill that ordinarily prudent persons would exercise in similar circumstances and like positions.

## Thirteenth Affirmative Defense

The claims asserted in the CAC against the Cassera are barred because the disclosures made the by CRS, Cassera and/or others during the putative class period regarding the financial condition of CRS, its cash flows, its liabilities, the APAs with Wells Fargo, its taxes and the relationship among and between Cassera, CRS and the TSE entities were sufficient to make Plaintiff aware of the alleged untruths or omissions now claimed to have existed at the time of the purchase of the security at issue.

## Fourteenth Affirmative Defense

Assuming there was any untruth or omission as alleged in the Amended Class Action Complaint, and CRS and Cassera deny that there are any, Plaintiff cannot recover because any such untruth or omission was not material.

## Fifteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part, by the truth-on-the-market defense.

## Sixteenth Affirmative Defense

Cassera reserves the right to amend these affirmative defenses and allege further affirmative defenses as appropriate.

**WHEREFORE,** Robert Cassera respectfully prays the Court dismiss the Class Action Complaint with prejudice; that Robert Cassera be awarded costs and expenses for defending this action; and that the Court awards Robert Cassera such other and further relief as it deems just and proper.

Dated: August 18, 2016                       Respectfully Submitted,


                                         By: s/ Marc Agnifilo
                                        _____

                                        Brafman & Associates, P.C.
                                        *Attorneys for Robert Cassera*
                                        Marc Agnifilo
                                        Andrea Zellan
                                        Joshua Kirshner
                                        767 3rd Avenue, 26th Floor
                                        New York, NY 10017
                                        magnifilo@braflaw.com
                                        azellan@braflaw.com
                                        jkirshner@braflaw.com
                                        Tel: 212-750-7800
                                        Fax: 212-750-3906