```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/30/2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X
Stephen Calfo, et al.,                :
                                      :
                       Plaintiffs,    :
                                      :           15 Civ. 4010 (LGS)
           v.                         :
                                      :       [JOINT PROPOSED] CIVIL CASE
John P. Messina, Sr., et al.,         :        MANAGEMENT PLAN AND
                                      :           SCHEDULING ORDER
                       Defendants.    :
                                      :
------------------------------------ X

LORNA G. SCHOFIELD, United States District Judge:

    This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent / **do not consent x**] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. *[If all parties consent, the remaining paragraphs need not be completed.]*

2. **[**The parties [have / **have not x**] conferred pursuant to Fed. R. Civ. P. 26(f). The parties will meet-and-confer no later than September 13, 2016.**]**

3. This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

    a. An employment case governed by the Initial Discovery Protocols for Employment cases? http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=713. [Yes / **No x**]

    b. A § 1983 case governed by the Plan for Certain § 1983 Cases Against the City of New York? http://www.nysd.uscourts.gov/rules/1983%20Revised%20Plan%20and%20Exhibits.11.22.2013.pdf. [Yes / **No x**]

    c. A patent case subject to the Local Patent Rules? http://www.nysd.uscourts.gov/rules/Standing_Order_In_re_Local_Patent_Rules.pdf. [Yes / **No x**]

4. Alternative Dispute Resolution/Settlement

    a. Settlement discussions have not taken place. Counsel for the parties have discussed settlement to the extent of having had preliminary discussions regarding a potential private mediation. (See below.)

    b.    Counsel for the parties have not discussed an informal exchange of information in aid of early settlement.

    c.    Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case: Counsel for the parties have had preliminary discussions regarding the potential retention of a private mediator.

    d.    Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed within the next 60 days.

    e.    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

5.    No additional parties may be joined after 30 days following the close of fact discovery without leave of Court.

6.    Amended pleadings may be filed once without leave of court until May 15, 2017.

7.    Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than September 27, 2016.

8.    Fact Discovery

    a.    All fact discovery shall be completed by ~~July 15, 2017/October 13, 2017~~ June 30, 2017.

    b.    Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by ~~November 25, 2016~~ November 25, 2016.

    c.    Initial interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by ~~May 15, 2017~~ May 15, 2017.

    d.    Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by the end of fact discovery.

    e.    Requests for admission pursuant to Fed. R. Civ. P. 36 shall be served by forty five days prior to the end of fact discovery.

    f.    Any of the deadlines in paragraphs 8(b) through 8(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).

9.    Expert Discovery

    a.    Anticipated types of experts if any:

Plaintiffs anticipate expert testimony will be required for the following issues, without limitation: (a) liability experts relating to issues including financial accounting and taxation; (b) causation and damages; and (c) efficiency of the market for CRS securities. Defendants reserve the right to engage experts, including but not limited to experts engaged to counter any expert retained by Plaintiff.

    b.    All expert discovery shall be completed no later than ~~September 15, 2017/December 15, 2017~~. **TO BE DETERMINED**

    c.    By June 15, 2017/September 15, 2017, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof or of any party planning to file a summary-judgment motion relying on the expert report(s) shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10.    Plaintiffs have demanded a jury trial. Defendants reserve the right to oppose a jury trial depending on the parties, claims and requests for relief remaining in the case following discovery, amendments (if any) and pretrial motions.

11.    Counsel for the parties have conferred, and their present best estimate of the length of trial is 20 business days.

12.    Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

    a.    Consistent with Fed. R. Civ. P. 23(c)(1)(A), Plaintiffs' motion and brief in support of Class Certification shall be filed by ~~December 1, 2016~~ **November 8, 2016**. If Defendants wish to file briefs opposing Class Certification, they shall conduct any related discovery and file their briefs in opposition by ~~February 1, 2016~~ **January 13, 2017**. Plaintiffs' Reply brief must be filed by ~~March 13, 2017~~ **February 20, 2017**.

13.    Status Letters and Conferences

    a.    By ~~December 1, 2016/March 1, 2017~~ **October 14, 2016, and every 45 days thereafter**, the parties shall submit a status letter, as outlined in Individual Rule IV.A.2.

    b.    By ~~July 29, 2017/October 27, 2017~~, all counsel must confer to discuss settlement and jointly advise the Court in writing whether or not they request a referral for settlement discussions as provided in paragraph 4(c) above.

    c.    On ~~September 29, 2017/December 21, 2017~~ **TO BE DETERMINED**, after the close of discovery, a case management conference shall be held. The conference will serve either as a pre-motion conference for any party seeking to file a summary judgment motion (without prejudice to any party's right to bring on a motion for partial summary judgment prior to the close of discovery), or a scheduling conference for trial.

      i.      A party wishing to file a summary judgment motion shall file a pre-motion letter, and any party wishing to oppose also shall file a letter at the times and in the form provided in the Court's Individual Rule III.A.1. The Court will set the briefing schedule at the conference. The Court will set a firm trial date after a decision on all summary judgment motion(s).

      ii.     If no pre-motion letters are timely filed, at the Case Management Conference the Court will set dates for a final pre-trial order, other pretrial submissions, a final pre-trial conference, and a firm trial date.

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as provided in paragraph 8(f)) shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c), and 13(a)-(c) into the Court's calendar. On March 28, 2017, at 10:30, a court conference shall be held.

SO ORDERED.

Dated: August 30, 2016
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Counsel for the Parties:

**POMERANTZ LLP**

By: /s/ *Jeremy A. Lieberman*
Jeremy A. Lieberman
Justin S. Nematzadeh
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: 212-661-1100
Facsimile: 212-661-8665
jalieberman@pomlaw.com
jsnematzadeh@pomlaw.com

*Attorneys for Lead Plaintiffs*

**THE ROSEN LAW FIRM**

By: /s/ *Jacob A. Goldberg*
Laurence M. Rosen
Jacob Goldberg
Gonen Haklay
275 Madison Avenue, 34th Floor
New York, NY 10016
T: 212.686.1060
F: 212.202.3827
lrosen@rosenlegal.com
jgoldberg@rosenlegal.com
ghaklay@rosenlegal.com

*Attorneys for Plaintiff Weiyong Li*

**BRAFMAN & ASSOCIATES, P.C.**

By: /s/ *Andrea Zellan*
Marc Agnifilo
Andrea Zellan
Joshua Kirshner
767 3rd Avenue, 26th Floor
New York, NY 10017
Tel: 212-750-7800
Fax: 212-750-3906
magnifilo@braflaw.com
azellan@braflaw.com
jkirshner@braflaw.com

*Attorneys for Defendant Robert Cassera*

**BACHNER & ASSOCIATES, P.C.**

By: /s/ *Scott J. Splittgerber*
Michael F. Bachner
Scott J. Splittgerber
39 Broadway, Suite 1610
New York, New York 10006
Tel: (212) 344-7778
Fax: (212) 344-7774
mb@hblawfirm.com
ss@bhlawfirm.com

*Attorneys for Defendant John Messina, Sr.*

**WINSTON & STRAWN LLP**

By: /s/ *James P. Smith*
James P. Smith III
Richard W. Reinthaler
Frank S. Restagno
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-4633
Facsimile: (212) 204-4700
jpsmith@winston.com
rreinthaler@winston.com
frestagno@winston.com

*Attorneys for Defendant Michael J. Golde*