**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEPHEN CALFO and JANEZ DEMSAR, Individually and on Behalf of All Others Similarly Situated, : : : : : Plaintiffs, : : v. : : ROBERT CASSERA, MICHAEL J. GOLDE, and JOHN P. MESSINA, SR. : : : : Defendants. : | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 7/11/2017<br><br>**Case No.: 1:15-CV-04010 (LGS)** |

**[PROPOSED] ORDER GRANTING LEAD PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, Lead Plaintiffs Stephen Calfo and Janez Demsar ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class, and Defendants Robert Cassera ("Cassera"), Michael J. Golde ("Golde"), and John P. Messina, Sr. ("Messina") (collectively, the "Defendants"), have entered into the Stipulation and Agreement of Settlement, dated May 31, 2017 (the "Settlement Stipulation"), which is subject to review under Federal Rules of Civil Procedure ("Rule" or "Rules") 23 and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the class action pending before the Court entitled *Calfo, et al.,* v. *Messina, Sr., et al.*, 1:15-cv-04010 (S.D.N.Y.), (the "Action"); and the Court having read and considered the Settlement Stipulation and the exhibits thereto and submissions made relating thereto, having held a hearing on June 27, 2017, and having considered Plaintiffs' further submissions in response to the Court's questions and comments, and finding that substantial and sufficient grounds exist for entering this Order; and the Settling Parties having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 11th day of July, 2017, that:

1.  Unless otherwise defined herein, capitalized terms have the meanings defined in the Settlement Stipulation.

2.  Pursuant to Rules 23(a) and (b)(3) and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of all Persons (including, without limitation, their beneficiaries) who purchased or otherwise acquired Corporate Resource Services, Inc. ("CRS" or "the Company") common stock during the period from April 26, 2012 to March 20, 2015, inclusive. Excluded from the Settlement Class are Defendants, the present and former officers and directors of CRS, members of the immediate family of any individual Defendant and the legal representatives, heirs, successors, and assigns of any of the foregoing, as well as any

entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are those Persons who submit valid and timely requests for exclusion from the Settlement Class in accordance with the requirements set forth in the Notice.

3. This Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Lead Plaintiffs are typical of the claims of the Settlement Class that they seek to represent; (d) Lead Plaintiffs fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4. Pursuant to Rule 23, preliminarily and for the purposes of this Settlement only, Lead Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and Lead Counsel, previously selected by Lead Plaintiffs and appointed by the Court, are hereby appointed as Lead Counsel for the Settlement Class ("Class Counsel").

5. The Court finds that (a) the Settlement Stipulation resulted from good faith, arm's length negotiations, and (b) the Settlement Stipulation is sufficiently fair, reasonable, and adequate to the Settlement Class Members to warrant providing them notice of the Settlement and holding a Settlement Hearing (defined below).

6. The Court hereby preliminarily approves the Settlement, subject to further consideration at a hearing pursuant to Rule 23(e) (the "Settlement Hearing"), which is hereby

scheduled to be held before the Court on **October 24, 2017 at 4:30 p.m.** for the following purposes:

    (a)    to determine finally whether the applicable prerequisites for class action treatment under Rules 23(a) and (b) are satisfied;

    (b)    to determine finally whether the Settlement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court;

    (c)    to determine finally whether the Order and Final Judgment as provided under the Settlement Stipulation should be entered, dismissing the Action on the merits and with prejudice against the Released Parties, and to determine whether the release by the Releasing Parties of the Released Claims against the Released Parties, as set forth in the Settlement Stipulation, should be ordered, along with a permanent injunction barring efforts to prosecute or attempt to prosecute any Released Claims extinguished by the release against any of the Released Parties, as also set forth in the Settlement Stipulation;

    (d)    to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

    (e)    to consider the application of Class Counsel for an award of attorneys' fees and expenses and an award to the Class Representatives;

    (f)    to consider Settlement Class Members' objections to the Settlement, if any; and

    (g)    to rule upon such other matters as the Court may deem appropriate.

    7.    The Court reserves the right to adjourn the Settlement Hearing to a later date and to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the

Settlement and dismissing the Action against the Released Parties, on the merits and with prejudice, regardless of whether it has approved or awarded attorneys' fees and expenses.

8. The Court reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Settling Parties and without further notice to the Settlement Class where to do so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 or due process of law.

9. The Court approves the form, substance, and requirements of (a) the Notice, (b) the Summary Notice, and (c) the Proof of Claim and Release Form, all of which are exhibits to the Settlement Stipulation.

10. Class Counsel have the authority to enter into the Settlement on behalf of the Settlement Class and have the authority to act on behalf of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Settlement Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

11. Strategic Claims Services is appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims.

12. Class Counsel, through the Claims Administrator, shall cause the Notice and the Proof of Claim and Release Form, substantially in the forms annexed to the Settlement Stipulation, to be mailed, by first class mail, postage prepaid, by **July 31, 2017**, to all Settlement Class Members who can be identified with reasonable effort by Class Counsel, through the Claims Administrator.

13. Escrow Agents may, at any time after entry of this Order and without further approval from Defendants or the Court, disburse at the direction of Class Counsel up to $165,000

(One Hundred Sixty Five Thousand Dollars) from the Settlement Fund prior to the Effective Date to pay Administrative Costs.

14. No later than **July 18, 2017**, Defendants shall provide and/or cause its transfer agent to provide to Class Counsel a list of the record owners of CRS common stock during the Settlement Class Period in a usable electronic format, such as an excel spreadsheet. This information will be kept confidential and will not used for any purpose other than to provide the notice contemplated by this Order.

15. Class Counsel, through the Claims Administrator, shall take all reasonable efforts to give notice to nominees or custodians who held CRS common stock during the Settlement Class Period as record owners but not as beneficial owners. Such nominees or custodians shall, within five (5) calendar days of receipt of the Notice and Proof of Claim and Release Form, either (i) request additional copies of the Notice and Proof of Claim and Release Form sufficient to send the Notice and Proof of Claim and Release Form to all beneficial owners for whom they are nominee or custodian, and within ten (10) calendar days after receipt thereof send copies to such beneficial owners; or (ii) provide the Claims Administrator with lists of the names, last known addresses, and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Notice and Proof of Claim and Release Form to such beneficial owners. Nominees or custodians who elect to send the Notice and Proof of Claim and Release Form to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing has been made as directed. Additional copies of the Notice and Proof of Claim shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-

pocket expenses incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

16.     No later than **October 17, 2017**, Class Counsel shall serve upon counsel for Defendants and file with the Court proof of the mailing of the Notice and Proof of Claim and Release Form as required by this Order.

17.     Class Counsel, through the Claims Administrator, shall cause the Settlement Stipulation and its exhibits, this Order, and a copy of the Notice to be posted on the Claims Administrator's website by **July 27, 2017**.

18.     Class Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily* by **July 27, 2017**.  No later than **October 17, 2017**, Class Counsel shall serve upon counsel for Defendants and file with the Court proof of publication of the Summary Notice.

19.     The forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of the United States Constitution (including the Due Process Clause), Rule 23, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and all other applicable laws and rules; constitute the best notice practicable under the circumstances; and constitute due, adequate, and sufficient notice to all persons and entities entitled thereto.  No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

20. In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following actions and be subject to the following conditions:

(a) A properly completed and executed Proof of Claim and Release Form must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than **December 2, 2017** (one hundred twenty (120) calendar days after the mailing of the Notice and Proof of Claim and Release Form by the Claims Administrator). Such deadline may be further extended by Order of the Court. Each Proof of Claim and Release Form shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first class mail) provided such Proof of Claim and Release Form is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim and Release Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b) The Proof of Claim and Release Form submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Class Counsel; (iii) if the person executing the Proof of Claim and Release Form is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement

Class Member must be provided with the Proof of Claim and Release Form; and (iv) the Proof of Claim and Release Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

        (c)    Once the Claims Administrator has considered a timely submitted Proof of Claim and Release Form, it shall determine whether such claim is valid, deficient, or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim and Release Form that is deficient or otherwise rejected shall be afforded a reasonable time (at least ten (10) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within ten (10) calendar days after the date of mailing of the notice, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

        (d)    As part of the Proof of Claim and Release Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted and the subject matter of the Settlement, and shall, upon the Effective Date, release all claims as provided in the Settlement Stipulation. No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of the Proof of Claim and Release Forms, nor shall any discovery from or of Defendants be allowed on any topic.

21. All Settlement Class Members who do not submit valid and timely Proof of Claim and Release Forms will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Settlement Stipulation and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Order and Final Judgment, if entered, and the releases provided for therein, whether favorable or unfavorable to the Settlement Class, and will be barred from commencing, maintaining, or prosecuting any of the Released Claims against each and all of the Released Parties.

22. Settlement Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request for exclusion shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than **October 4, 2017** (twenty (20) calendar days prior to the Settlement Hearing) (the "Exclusion Deadline"), to the addresses listed in the Notice. In order to be valid, such request for exclusion (A) must clearly indicate the name and address and phone number and e-mail contact information (if any) of the Person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement Class in *Calfo, et al.* v. *Messina, Sr., et al.*, 1:15-cv-04010 (S.D.N.Y.)" and (B) state the date, number of shares, and dollar amount of each CRS common stock purchase or acquisition during the Settlement Class Period, and any sale transactions, and (ii) the number of shares of CRS common stock held by the Person as of March 20, 2015.  In order to be valid, such request for exclusion must be submitted with documentary proof (i) of each purchase or acquisition and, if applicable, sale transaction of CRS common stock during the Settlement Class Period and (ii)

9

demonstrating the Person's status as a beneficial owner of the CRS common stock. Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Class Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

23. The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests) to counsel for the Settling Parties as soon as possible and no later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline). The Settlement Class will not include any Person who delivers a valid and timely request for exclusion.

24. Any Person who submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than two (2) Business Days before the Settlement Hearing, in which event that Person will be included in the Settlement Class.

25. All Persons who submit a valid, timely, and unrevoked request for exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

26. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the Fee and Expense Application, provided, however, that no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Order and Final Judgment, or any other mattrer relating thereto, unless that Person has served copies of any objections, papers, and briefs to each of the following counsel no later than **October 4, 2017**:

CLASS COUNSEL:

Jeremy A. Lieberman, Esq.
Justin S. Nematzadeh, Esq.
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, NY 10016

COUNSEL FOR DEFENDANTS:

Marc Agnifilo (of counsel)
Andrea Zellan
Joshua Kirshner
BRAFMAN & ASSOCIATES, P.C.
767 3rd Avenue, 26th Floor
New York, New York 10017
*Counsel for Defendant Robert Cassera*

James P. Smith III
Richard W. Reinthaler
Frank S. Restagno
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
*Counsel for Defendant Michael J. Golde*

Michael F. Bachner
Scott J. Splittgerber
BACHNER & ASSOCIATES, P.C.
39 Broadway, Suite 1610
New York, New York 10006
*Counsel for Defendant John Messina, Sr.*

and that Person has, on or before **October 4, 2017**, filed said objections, papers, and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, U.S. District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007, or as the Court may otherwise direct. To be valid, any such objection must contain the Settlement Class Member's (1) name, address, and telephone number, (2) a list of all purchases and sales of CRS common stock during the Settlement Class Period in order to show membership in the Settlement Class, (3) all grounds for the objection,

11

including any legal support known to the Settlement Class Member and/or his, her, or its counsel, (4) the name, address, and telephone number of all counsel who represent the Settlement Class Member, including former or current counsel who may be entitled to compensation in connection with the objection, and (5) the number of times the Settlement Class Member and/or his, her, or its counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the caption and court in each case, and the name of the issuer of the security or seller of the product or service at issue in each case.  Attendance at the Settlement Hearing is not necessary, but Persons wishing to be heard orally in opposition to the approval of the Settlement Stipulation, the Plan of Allocation, and/or the Fee and Expense Application shall state in their written objection (or in a separate writing that is submitted prior to the objection deadline and in accordance with the procedures required herein for the submission of a written objection) that they intend to appear at the Settlement Hearing, and shall identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class Members need not appear at the Settlement Hearing or take any other action to indicate their approval.

27. Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to any aspect, including the fairness, adequacy, or reasonableness, of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Settlement Stipulation and by all proceedings, orders, and judgments in the Action; shall also be foreclosed from appealing from any judgment or order entered in this Action; and shall be barred from otherwise being heard concerning the Settlement,

the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application in the Action or any other action or proceeding.

28. The Court reserves the right to adjourn the Settlement Hearing without further notice, other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Settlement Class.

29. All papers in support of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application shall be filed and served no later than **September 22, 2017**.

30. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application shall be filed no later **October 13, 2017**.

31. Defendants, their counsel, their insurers, and other Released Parties shall have no responsibility for the Plan of Allocation or any application submitted by Class Counsel for attorneys' fees or expenses or payments to the Class Representatives, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

32. Pending final determination of whether the Settlement should be approved, all Releasing Parties shall be enjoined from commencing, prosecuting, or attempting to prosecute any Released Claims against any Released Party in any court or tribunal or proceeding. Unless and until the Settlement Stipulation is cancelled and terminated pursuant to the Settlement Stipulation, all proceedings in the Action against any Released Party, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Stipulation, are hereby stayed and suspended until further order of the Court.

33. All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as

such funds shall be distributed or returned pursuant to the Settlement Stipulation and Plan of Allocation and/or further order(s) of the Court.

34. Neither the Settlement Stipulation, nor any of its terms or provision, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants, their counsel, their insurers, or any of the other Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing or any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that Class Representatives or any Settlement Class Members have suffered any damages, harm, or loss. Further, neither the Settlement Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by the Class Representatives of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in this Action.

35. In the event the Settlement is not consummated in accordance with the terms of the Settlement Stipulation, then the Settlement Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Settlement Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties or the Released Parties, and each Settling Party shall be restored to his, her, or its respective litigation position as it existed prior to April 13, 2017, pursuant to the terms of the Settlement Stipulation.

36. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or relating to, the Settlement Stipulation, including by way of illustration and not limitation, any dispute concerning any Proof of Claim and Release Form submitted and any future requests by one or more of the Parties that the Order and Final Judgment, the releases, and/or the permanent injunction set forth in the Settlement Stipulation be enforced.

The Clerk of Court is respectfully directed to enter on the docket the following: the Court hereby preliminarily approves the Settlement, as set forth in detail in this Order, subject to further consideration at a hearing and oral argument to be held on **October 24, 2017, at 4:30 p.m.**

Dated: July 11, 2017
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**