USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/30/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN CALFO and JANEZ DEMSAR, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT CASSERA, MICHAEL J. GOLDE, and JOHN P. MESSINA, SR.,<br><br>Defendants. | **Case No.: 1:15-cv-04010 (LGS)** |

**ORDER AND FINAL JUDGMENT**

On October 24, 2017, a hearing was held to determine: (1) whether to certify a class, for settlement purposes only, of all persons or entities who purchased or otherwise acquired Corporate Resource Services, Inc. common stock between April 26, 2012, and March 20, 2015, and who were damaged thereby, (2) whether the terms and conditions of the Stipulation and Agreement of Settlement dated May 31, 2017, (the "Settlement Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against Defendants, including the release of the Released Claims against the Released Parties, and should be approved, (3) whether judgment should be entered dismissing this Action with prejudice, (4) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, (5) whether and in what amount to award Lead Counsel fees and reimbursement of expenses and (6) whether and in what amount to award Lead Plaintiffs incentive fees; and

It appearing in the record that the Notice substantially in the form in the Order Granting Lead Plaintiffs' Motion for Preliminary Approval of Class Action Settlement dated July 11, 2017, ("Preliminary Approval Order") was mailed to all reasonably identifiable Settlement Class Members and posted to the website of the Claims Administrator, in accordance with the Preliminary Approval Order; and

It appearing in the record that the summary notice substantially in the form in the Preliminary Approval Order was published in accordance with the Preliminary Approval Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. All capitalized terms used herein have the same meanings as set forth and defined in the Settlement Stipulation.

2.     The Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over Releasing Parties, Released Parties and each of the Settlement Class Members.

3.     This Final Judgment incorporates and makes a part hereof the following: (a) the Settlement Stipulation filed on May 31, 2017; and (b) the Notice and summary notice, substantially similar forms of which were filed on May 31, 2017.

4.     The prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure ("Rule") have been satisfied: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) Lead Plaintiffs' claims are typical of the claims of the Settlement Class that they seek to represent; (d) Lead Plaintiffs fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this Action.  The Settlement Class is being certified for settlement purposes only.

5.     This Action is certified as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3), on behalf of all Persons (including, without limitation, their beneficiaries) who purchased or otherwise acquired Corporate Resource Services, Inc. ("Corporate Resource," "CRS" or the "Company") common stock during the period from April 26, 2012, to March 20, 2015, and were damaged thereby.  Excluded from the Settlement Class are Defendants, Corporate Resource, any Corporate Resource affiliate, any entity in which Defendants have or had a controlling interest, the present and former officers and directors of

any of the foregoing and any of the immediate families, legal representatives, heirs, successors and assigns of any of the foregoing.  Also excluded from the Settlement Class are those Persons who submitted valid and timely requests for exclusion from the Settlement Class in accordance with the requirements set forth in the Notice.

6. Pursuant to Rule 23, Lead Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and Lead Counsel previously selected by Lead Plaintiffs and appointed by the Court, along with the Rosen Law Firm P.A. ("Rosen Law"), are hereby appointed as Class Counsel for the Settlement Class ("Class Counsel").

7. In accordance with the Preliminary Approval Order, the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions: (i) met the requirements of the United States Constitution (including the Due Process Clause), Rule 23 and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737, 15 U.S.C. §78u-4(f)(7) ("P.S.L.R.A.") and all other applicable laws and rules, (ii) constituted the best notice practicable under the circumstances and (iii) constituted due, adequate and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons and entities entitled to such notice.  No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Settlement Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.  The notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully

discharged.  All Settlement Class Members are bound by this Order and Final Judgment except those persons listed on Exhibit A to this Order and Final Judgment.

8. The Settlement is approved as fair, reasonable and adequate and in the best interests of the Settlement Class.  The Settlement set forth in the Settlement Stipulation is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of the Class Representatives, Settlement Class Members and Defendants.  The Settling Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Stipulation.

9. The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as against each and all Defendants.  The Parties are to bear their own costs, except as otherwise provided in the Settlement Stipulation.

10. The Releasing Parties, on behalf of themselves, their heirs, executors, trustees, administrators, predecessors, successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release Form, any disbursement from the Settlement Fund, will be deemed to have, and by operation of this Order and Final Judgment will have, fully, finally and forever released, relinquished and discharged all Released Claims (including, without limitation, any Unknown Claims) against the Released Parties.  The Releasing Parties will be deemed to have, and by operation of this Order and Final Judgment will have, covenanted not to sue the Released Parties with respect to any and all Released Claims in any forum and in any capacity.  The Releasing Parties will be and hereby are permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating or in any way participating in the commencement

or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, in any capacity, against any of the Released Parties.  Nothing contained herein will, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of the Settlement Stipulation or this Order and Final Judgment.

11. Defendants, on behalf of themselves, their heirs, executors, predecessors, successors and assigns, will be deemed to have, and by operation of this Order and Final Judgment will have, fully, finally and forever released, relinquished and discharged the Lead Plaintiffs, Settlement Class Members, Lead Counsel and Rosen Law from all Claims that arise out of or relate in any way to the institution, prosecution or settlement of the claims against Defendants (the "Defendant Released Claims"), and will be permanently enjoined from prosecuting the Defendant Released Claims against the Lead Plaintiffs, Settlement Class Members, Lead Counsel and Rosen Law.  Nothing contained herein will, however, (1) bar the Defendants or any Released Party from bringing any action or claim to enforce the terms of the Settlement Stipulation or this Order and Final Judgment or (2) effect any release of any actions or claims of any nature of any Defendant against Defendants' insurers.

12. To the fullest extent permitted by law, including the provisions of the P.S.L.R.A., all Persons will be permanently enjoined, barred and restrained from, directly or indirectly, or through a third party, instituting, reinstituting, initiating, commencing, maintaining, continuing, filing, encouraging, soliciting, collaborating in, or otherwise prosecuting or asserting any claims, actions or causes of action for contribution, indemnity or otherwise against any of the Released Parties seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement that they pay or are obligated to pay or agree to pay to the Settlement Class or any Settlement Class Member arising out of, relating to or concerning such Persons' participation in

5

any acts, facts, statements or omissions that were or could have been alleged in the Action, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court or in any arbitration proceeding, administrative agency proceeding, tribunal or any other proceeding or forum.  Nothing in the Settlement Stipulation or this Order and Final Judgment will apply to bar or otherwise affect any claim for insurance coverage by any Defendant.

13. The proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Settlement Stipulation.

14. All Settling Parties and their counsel have complied with all requirements of Rule 11 and the P.S.L.R.A. as to all proceedings herein.

15. Neither this Order and Final Judgment, the Settlement Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents or proceedings connected with them:

(a) is or may be deemed to be, or may be used as an admission, concession or evidence of the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by the Lead Plaintiffs, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action or of any wrongdoing, liability, negligence or fault of the Defendants, the Released Parties or any of them;

(b) is or may be deemed to be or may be used as an admission of or evidence of any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by any of the Defendants or Released Parties

in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal;

(c) is or may be deemed to be or will be used, offered or received against the Settling Parties, Defendants, the Released Parties or each or any of them, as an admission, concession or evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by the Plaintiffs or the Settlement Class or the availability or lack of availability of meritorious defenses to the claims raised in the Action; and

(d) is or may be deemed to be or will construed as or received in evidence as an admission or concession against Defendants, the Released Parties or each or any of them, that any of Lead Plaintiffs or Settlement Class Members' claims are with or without merit, that a litigation class should or should not be certified, that damages recoverable in the Action would have been greater or less than the Settlement Fund, or that the consideration to be given pursuant to the Stipulation represents an amount equal to, less than or greater than the amount that could have or would have been recovered after trial.

16.     The Released Parties may file the Settlement Stipulation and/or this Order and Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

17.     Except as otherwise provided herein or in the Settlement Stipulation, all funds held by the Escrow Agent will be deemed to be in *custodia legis* and will remain subject to the

jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Settlement Stipulation and/or further order of the Court.

18. Without effecting the finality of this Order and Final Judgment in any way, exclusive jurisdiction is hereby retained over the Settling Parties and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Settlement Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

19. Without further order of the Court, the Defendants and Class Representatives may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Stipulation.

20. There is no just reason for delay in the entry of this Order and Final Judgment, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b).

21. The finality of this Order and Final Judgment will not be affected, in any manner, by rulings that the Court may make on Class Counsel's application for an award of attorneys' fees and expenses or an award to the Class Representatives.

22. In the event that the Settlement is not consummated in accordance with the terms of the Settlement Stipulation, then the Settlement Stipulation and this Order and Final Judgment (including any amendment(s) thereof, and except as expressly provided in the Settlement Stipulation or by order of the Court) will be null and void, of no further force or effect and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties or the Released Parties, and each

Settling Party will be restored to his, her or its respective litigation positions as they existed prior to May 31, 2017, pursuant to the terms of the Settlement Stipulation.

The Clerk of Court is directed to close the motion at Docket No. 171.

Dated: October 30, 2017
      New York, New York

 

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**